UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED W. ROARK,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY DYER, *et al*.<br><br>        Defendants. | Case No. 1:23-cv-01550-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 13)<br><br>FOURTEEN (14) DAY DEADLINE<br><br>Clerk of Court to assign a District Judge |

Plaintiff Jared W. Roark ("Plaintiff") is a state prisoner incarcerated at California State Prison, Corcoran, proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  (Doc. 1).  This proceeding was referred to the Undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

**Procedural History**

On January 18, 2024, the Court issued a screening order finding that Plaintiff's complaint was so vague and conclusory that it failed to state a claim upon which relief could be granted. (Doc. 13).  The Court granted Plaintiff the opportunity to amend his complaint or to file a notice of voluntary dismissal within 21 days from the date of service of this order.  *Id*. at 3-4.  More than 21 days have passed and Plaintiff has not complied with the Court's order, failed to seek an

extension of time, and otherwise made no filings excusing his delinquency.

**Legal Standard**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423. These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Plaintiff has failed to file a first amended complaint or notice of voluntary dismissal as ordered. The Court cannot manage its docket effectively if Plaintiff ceases litigating his case. Thus, the Court finds the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's January 18, 2024, order

afforded Plaintiff 21 days to file a first amended complaint or a notice of voluntary dismissal. (Doc. 13).  Plaintiff's failure to comply with the order has caused an unreasonable delay in prosecuting this action, resulting in a presumption of injury. Thus, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (citation omitted).  By failing to file a first amended complaint or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress.  Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, a court's warning to a party that failure to obey the court order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.  Here, the Court warned in plain and clear terms: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**"  (Doc. 13 at 4) (emphasis in original).  Moreover, in the Court's informational order in prisoner/civil detainee civil rights case issued November 2, 2023, the Court advised Plaintiff:

> In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b).

(Doc. 4 at 1). These admonitions provided Plaintiff adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The Court finds Plaintiff has failed to comply with the Court's order of January 18, 2024, and in doing so, has failed to prosecute this action.  Whether Plaintiff has done so intentionally or

3

mistakenly is inconsequential. Plaintiff bears the responsibility to comply with court orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute; and
2. The Clerk of Court be directed to close the case.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 29, 2024**

UNITED STATES MAGISTRATE JUDGE

4